UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MICHAEL TELEMAQUE** | : | **DOCKET NO.   10-CV-0901** |
| **VS.** | : | **JUDGE MINALDI** |
| | | **SECTION P** |
| **ERIC HOLDER** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the *pro se habeas corpus* petition (28 U.S.C. §2241) originally filed by petitioner Michael Telemaque on February 22, 2010.  At the time of filing, petitioner was incarcerated at the Federal Correctional Complex, Yazoo City, Mississippi.  On or about March 1, 2010, petitioner was released from Bureau of Prisons custody and was moved to the Federal Detention Center, Oakdale, Louisiana (FDCO).  On or about June 4, 2010, this matter was transferred to this court from the Southern District of Mississippi, Western Division.  Petitioner is currently a detainee at FDCO in the custody of the Department of Homeland Security, Bureau of Immigration and Customs Enforcement (DHS/ICE) and is awaiting removal.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.  For the following reasons, it is recommended that his petition be **DENIED** and **DISMISSED WITH PREJUDICE.**

### *Statement of the Case*

In sum, petitioner's claims herein attack his order of removal.  More specifically, he

argues that his deportation is unlawful because he is an "American National by contract." Doc. 1, p. 6. Petitioner is essentially challenging the findings of the Immigration Judge and the Board of Immigration Appeals*.*

### *Law and Analysis*

On May 11, 2005, the President signed into law the REAL ID Act of 2005, Pub. L. No. 109-13, div. B, 119 Stat. 231 (REAL ID Act). Section 106(a) of the REAL ID Act amended INA § 242(a) to provide that a petition filed in the appropriate court of appeals in accordance with § 242 is the sole and exclusive means for obtaining judicial review of an order of removal, and that a petition for writ of *habeas corpus* is not an appropriate vehicle for challenging a removal order.[1] These jurisdictional amendments became effective on May 11, 2005. *See id.* at § 106(b).

It is therefore clear that this court lacks jurisdiction to consider petitioner's *habeas corpus* petition as such challenges petitioner's order of removal.[2] Also, to the extent that petitioner's requests are the same, this court also lacks jurisdiction to grant a stay of removal. INA § 242(g); *Idokogi v. Ashcroft*, 66 Fed.Appx. 526 (5th Cir. 2003).

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE.**

---

[1] Section 106(a)(1)(A)(iii) of the REAL ID Act added the following language to INA §242(a):
(5) EXCLUSIVE MEANS OF REVIEW – Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and section 1361 and 1651 of such title, <u>a petition filed in the appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act</u>, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).
*Id.* (emphasis added).

[2] The court notes that a temporary stay of removal is in effect pursuant to an order issued on November 15, 2010, by the United States Court of Appeals for the Ninth Circuit, Doc.10-73507.

**IT IS ALSO RECOMMENDED** that all pending motions (including but not limited to doc. 15) are **DENIED.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have fourteen (14)days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.   A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Signed, in chambers, Lake Charles, Louisiana, this 29th day of December, 2010.

_____
**KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE**

3